**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3122
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER SANCHEZ,
                                   Appellant
_____

Appeal from the United States District Court
for the District of Delaware
(No. 1-13-cr-00023-001)
District Judge:  Honorable Gregory M. Sleet

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2016
_____

Before:  CHAGARES, KRAUSE, and SCIRICA, <u>Circuit Judges</u>.

(Filed: June 13, 2016)
_____

OPINION[*]
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

        A jury convicted Christopher Sanchez of being a felon in possession of a firearm,

but acquitted him of his other charges.  On appeal, Sanchez challenges the District

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court's denial of his motion for judgment of acquittal and argues that his entrapment defense precluded a guilty verdict on the felon-in-possession charge. He also appeals from his judgment of sentence as substantively unreasonable. We will affirm.

I.

We write solely for the parties' benefit and recite only the facts essential to our disposition. Sanchez was indicted for conspiracy to commit robbery, conspiracy to distribute a controlled substance, possession of a firearm in furtherance of a crime of violence, and being a felon in possession of a firearm. During a four-day jury trial, the Government presented evidence that Sanchez discussed robbing a drug stash house with a cooperating informant ("CI"). Sanchez expressed interest in the scheme and indicated that he could obtain firearms and that he had committed similar home invasions in the past. Sanchez had two prior convictions for illegally possessing a firearm, as well as a conviction for burglary of a home.

The CI introduced Sanchez to an undercover agent posing as a narcotics courier. The undercover agent indicated to Sanchez that the agent knew the location of a stash house they could rob. Sanchez stated that he would obtain firearms to use during the robbery, but then he was unable to do so at the requisite time. Subsequently, Sanchez contacted the undercover agent to inform him that Sanchez was able to procure firearms. Sanchez recruited two acquaintances to participate in the robbery.

On the day of the expected robbery, the CI drove Sanchez to meet a friend in order to borrow a firearm. The two then drove to pick up the other participants Sanchez had recruited. The other participants also possessed firearms. The group next met the

2

undercover agent, who described the operation again. Sanchez indicated his assent. Sanchez was arrested thereafter.

A jury convicted Sanchez of being a felon in possession of a firearm, but acquitted him of the other charges. He moved for a judgment of acquittal, which the District Court denied. In part because Sanchez faced a state sentence at the end of his federal custody, both parties recommended a sentence of time served, and the District Court agreed. Sanchez accordingly served 36 months of imprisonment.

## II.[1]

We review denial of a Federal Rule of Criminal Procedure 29 motion for a judgment of acquittal de novo, and apply the same standard as the District Court. United States v. Starnes, 583 F.3d 196, 206 (3d Cir. 2009). Interpreting the evidence in the light most favorable to the Government as the verdict winner, we will uphold the jury's verdict "if there is substantial evidence from which a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." Id.

Given his failure to object to the substantive reasonableness of his sentence at the sentencing hearing, we review Sanchez's sentence for plain error. United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). To establish plain error, Sanchez must show that (1) the District Court erred; (2) the error was clear or obvious, rather than subject to reasonable dispute; and (3) the error affected the appellant's substantial rights, which in the ordinary course means that there is a reasonable

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

probability that the error affected the outcome of the proceedings. <u>United States v. Marcus</u>, 560 U.S. 258, 262 (2010). If all three elements are established, then the Court may exercise its discretion to award relief where the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." <u>United States v. Olano</u>, 507 U.S. 725, 736 (1993) (quotation marks omitted).

III.

A.

Sanchez admits that he possessed a firearm. He argues, however, that no rational juror could have convicted him given the evidence presented on his entrapment defense. In particular, he suggests that the CI and the undercover agent harassed him into obtaining a firearm.

To advance an entrapment defense, a defendant must produce evidence that 1) the government initiated the crime and 2) he was not otherwise predisposed to engage in the criminal conduct. <u>United States v. Gambino</u>, 788 F.2d 938, 943 (3d Cir. 1986). If the defendant makes this showing, the government has the burden of proving that it did not entrap him. <u>United States v. Wright</u>, 921 F.2d 42, 44 (3d Cir. 1990). In general, entrapment is a question for a jury to decide. <u>Gambino</u>, 788 F.2d at 944.

A rational juror could have found an absence of entrapment based on the evidence of Sanchez's "willingness to commit the crime" and "existing course of [similar] criminal conduct." <u>United States v. Lakhani</u>, 480 F.3d 171, 179 (3d Cir. 2007) (quotation marks omitted). Sanchez proactively contacted the undercover agent when Sanchez was able to obtain access to firearms. Sanchez recruited two additional participants, with their own

4

firearms, to take part in the robbery. He suggested to the CI that he had taken part in similar home invasions in the past. And Sanchez had been convicted twice of illegally possessing a firearm and once for burglary of a home. These facts are sufficient to support the jury's finding that Sanchez was not entrapped.

B.

Sanchez challenges his sentence of 36 months of imprisonment as substantively unreasonable because his advisory-Guidelines range was 27-33 months of imprisonment. Sanchez did not object to his sentence before the District Court.

"[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). We do not "presume that a sentence is unreasonable simply because it falls outside the advisory Guidelines range." Id. at 567. Sanchez has attacked his sentence only on the ground that it is outside the applicable Guidelines range. He has not established that the District Court erred, much less "plainly" erred.

IV.

For the foregoing reasons, we will affirm.